NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE LLC, | : |
| Plaintiff, | Civil Case No. 14-7926 (FSH) |
| v. | **OPINION & ORDER** |
| THE BELLMARC GROUP LLC, *et al.*, | Date: February 9, 2015 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter having come before the Court upon this Court's January 7, 2015 Order to Show Cause (Dkt. No. 5) why a preliminary injunction should not issue that: (1) enjoins Defendants from using Plaintiff's trademarks, trade names, and service marks (collectively, the "Marks"); (2) requires Defendants to de-identify their offices from appearing as Coldwell Banker–affiliated brokerage firms; (3) requires Defendants to refrain from any representation to the public that Defendants are franchisees of Coldwell Banker and compels Defendants to take any affirmative action necessary to remove any use of Coldwell Banker's Marks in connection with Defendants' business; (4) requires Defendants to immediately advise all of their current clients that the Defendants are no longer associated with Coldwell Banker; (5) requires Defendants to immediately cause the local phone company and any business phone publisher to remove the Defendants from their listings as a Coldwell Banker franchisee in their next addition of any directory, including any Internet directory; (6) requires Defendants to immediately cause any webmasters or websites to remove the Marks from their websites, including social media websites, and requiring Defendants to remove the Marks from the social media sites and accounts that the

Defendants control, including the Defendants' websites, including from any source code or other mechanism that directs a consumer searching for any of the Marks to the Defendants' websites; (7) orders Defendants to cease and desist using the Marks in any advertising, printed materials, or material distributed in an electronic format; and (8) orders Defendants to satisfy their other post-termination, non-monetary obligations[1] imposed under the parties' franchise agreements; and the Court having reviewed the submissions of the parties and considered the motion on the papers in accordance with Federal Rule of Civil Procedure 78; and

    It appearing that Plaintiff brought this action against Defendants claiming, *inter alia*, that Defendants have infringed Plaintiff's Marks by displaying the Marks inside stores and on websites, among other places; and

    It appearing that Defendants' submission filed in response to the Order to Show Cause contained neither a brief, nor any legal arguments or citations in opposition to Plaintiff's requested injunctive relief;[2] that Defendants apparently consent to comply with the requested injunctive relief; and

    It appearing that Defendants have failed to show cause why the requested preliminary injunction should not be entered, and there is no need for a hearing in light of the lack of any legal argument made by Defendants; and

    It appearing that Plaintiff has demonstrated a likelihood of success on the merits; that it will be irreparably harmed in the absence of a preliminary injunction; that Defendant will not be

---

[1] Plaintiff clarifies in reply briefing that these additional non-monetary obligations are listed in Section 16.4 of the Franchise Agreement executed by the parties.

[2] Defendants' January 30, 2015 submission consisted of one declaration that failed to address or raise legal arguments in response to Plaintiff's motion or this Court's Order to Show Cause.

substantially harmed by an injunction; and that the public interest supports the issuance of a preliminary injunction;[3] and

It appearing that no bond is required as it has not been shown that the preliminary injunction requiring Defendants to cease use of the Marks will cause any significant financial harm in light of the fact that no right to use the Marks has been demonstrated by Defendants in response to the January 7, 2015 Order to Show Cause (Dkt. No. 5);

**IT IS** on this 9th day of February, 2015,

**ORDERED** that Defendants immediately shall: (1) cease any use of Plaintiff's trademarks, trade names, and service marks (collectively, the "Marks") in connection with Defendants' business; (2) de-identify (within 7 days) Defendants' offices from an appearance as Coldwell Banker–affiliated brokerage firms; (3) refrain from any representation to the public that Defendants are franchisees of Coldwell Banker; (4) advise (within 7 days) all of their current clients that Defendants are no longer associated with Coldwell Banker; (5) cause the local phone company and any business phone publisher to remove the Defendants from their listings as a Coldwell Banker franchisee in their next addition of any directory, including any Internet directory; (6) remove (within 7 days) the Marks from websites and webpages, including webpages on social media websites, associated with Defendants' business and from source code or other underlying mechanisms of such websites and webpages; (7) cease use of the Marks in any advertising, printed materials, or electronically distributed material; and (8) satisfy (within 7 days)

---

[3] In order to obtain a preliminary injunction, the movant must demonstrate: "(1) the reasonable probability of eventual success in the litigation and (2) that the movant will be irreparably injured *pendente lite* if relief is not granted. Moreover, while the burden rests upon the moving party to make these two requisite showings, the district court should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989) (citations omitted).

Defendants' non-monetary, post-termination obligations under Section 16.4 of the parties' Franchise Agreement.

                                    **IT IS SO ORDERED.**

                                    **/s/ Hon. Faith S. Hochberg**
                                    **Hon. Faith S. Hochberg, U.S.D.J.**