# LeClairRyan

A Professional Limited Liability Company
One Riverfront Plaza
1037 Raymond Boulevard, Sixteenth Floor
Newark, New Jersey 07102
(973) 491-3600
David W. Phillips, Esq.
Attorneys for Plaintiff Coldwell Banker Real Estate, LLC

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE BELLMARC GROUP LLC; AC LAWRENCE REAL ESTATE LLC; BELLMARC BROKERAGE MIDTOWN, INC.; BELLMARC DOWNTOWN LLC.; BELLMARC EAST LLC; BELLMARC WEST LLC; BELLMARC SIMONE SONG INC.; BELLMARC GRAMERCY/CHELSEA INC.; NEIL BINDER, AN INDIVIDUAL; NICE IDEA LLC; AMD ALL ENTERPRISES, LLC,<br><br>Defendants. | Civil Action No. 14-cv-07926 MCA-MAH<br><br>**CERTIFICATION OF JAMES MATHEWS** |

I, James Mathews, of full age, certify as follows.

1. I am Executive Legal Counsel - Litigation & Regulatory Affairs for plaintiff Coldwell Banker Real Estate, LLC ("Coldwell Banker"). I make this

- 2 -

certification from personal knowledge and from a review of the files of Coldwell Banker.

2. On November 7, 2018, a subpoena addressed to Nelson Bennett was hand delivered to the registered corporate agent for Coldwell Banker, Corporate Creations Network, Inc., in Palm Beach Gardens, Florida. A true copy of the subpoena is attached hereto as Exhibit 1.

3. On November 8, 2018, a copy of the subpoena, with cover letter from Defendants counsel to the process server, was handed to the receptionist at the front desk of Coldwell Banker's offices in Madison, New Jersey. A true copy of the papers delivered are attached hereto as Exhibit 2.

I certify that the foregoing statements made by me are true, under penalty of perjury.

DATED: November 12, 2018

_____
James Mathews

**EXHIBIT 1**



**CORPORATE CREATIONS®**
Registered Agent • Director • Incorporation

Corporate Creations Network Inc.
11380 Prosperity Farms Road #221E, Palm Beach Gardens, FL 33410

November 8, 2018

Coldwell Banker LLC
Lynette Gladdis Esq.
Realogy Holdings Corp. - Realogy Group LLC
175 Park Avenue
MADISON  NJ  07940

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

Item: 2018-1066

| # | | |
|---|---|---|
| 1. | Client Entity: | Coldwell Banker LLC |
| 2. | Title of Action: | Coldwell banker Real Estate LLC vs. The Bellmarc Group, LLC, et al. |
| 3. | Document(s) Served: | Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action |
| 4. | Court/Agency: | United States District Court |
| 5. | State Served: | New Jersey |
| 6. | Case Number: | 14-cv-07926 MCA-MAH |
| 7. | Case Type: | |
| 8. | Method of Service: | Hand Delivered |
| 9. | Date Received: | Wednesday 11/7/2018 |
| 10. | Date to Client: | Thursday 11/08/2018 |
| 11. | # Days When Answer Due: 20  Answer Due Date: 11/27/2018 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of service in their records matches the Date Received. |
| 12. | SOP Sender: (Name, City, State, and Phone Number) | Rosenberg & Pittinsky, LLP New York, NY 212-286-6100 |
| 13. | Shipped to Client By: | FedEx Saver and Email with PDF Link |
| 14. | Tracking Number: | 773680217639 |
| 15. | Handled By: | 311 |
| 16. | Notes: | None. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE LLC, <br> *Plaintiff* <br> v. <br> THE BELLMARC GROUP LLC et al. <br> *Defendant* | ) ) ) ) ) ) Civil Action No. 14-cv-07926 MCA-MAH |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Nelson Bennett, c/o Coldwell Banker, 175 Park Avenue, Madison, New Jersey 07940

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Martin Luther King Building & U.S. Courthouse <br> 50 Walnut Street, Newark, New Jersey 07101 <br> (973) 645-3730 | Courtroom No.: MLK 4A |
|---|---|
| | Date and Time: 11/27/2018 9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/06/2018

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* __defendants excluding All Enterprises, LLC__ , who issues or requests this subpoena, are:

Rosenberg & Pittinsky, LLP, Attn: Laurence D. Pittinsky, Esq., 232 Madison Avenue, Suite 906, New York, New York 10016, (T) (212) 286-6100, (F) (212) 286-6818

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 14-cv-07926 MCA-MAH

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
  (i) is a party or a party's officer; or
  (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
 (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
 (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
 (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  (i) fails to allow a reasonable time to comply;
  (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
  (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  (iv) subjects a person to undue burden.
 (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  (i) disclosing a trade secret or other confidential research, development, or commercial information; or
  (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
 (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  (i) expressly make the claim; and
  (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

NOV 07 2018

# EXHIBIT 2

## ROSENBERG & PITTINSKY, LLP
COUNSELORS AT LAW
232 MADISON AVENUE
SUITE 906
NEW YORK, NEW YORK 10016

TELEPHONE: (212) 286-6100
FACSIMILE: (212) 286-6818
EMAIL:    GENERALRP1@RPLLPLAW.COM
WEBSITE:  WWW.RPLLPLAW.COM

ERIC S. ROSENBERG
LAURENCE D. PITTINSKY*

NEW YORK, NEW JERSEY AND FLORIDA*

OF COUNSEL
MICHAEL L. WEINSTEIN

NEW JERSEY OFFICE

25 NORTH BRIDGE STREET
SOMERVILLE, NEW JERSEY 08876
(RESPONSES TO NYC OFFICE)

LAURENCE D. PITTINSKY, ESQ.
MANAGING ATTORNEY
NEW JERSEY OFFICE

November 6, 2018

**ELECTRONIC MAIL**
**info@served.com**

Guaranteed Process Service, Inc.
P.O. Box 2248
Union, New Jersey 07083

Re:  Coldwell Banker Real Estate LLC v. The Bellmarc Group LLC, *et al.*
United States District Court, District of New Jersey
Civil Action No.: 14-cv-07926 MCA-MAH

Gentlepersons:

Enclosed please find copies of Subpoenas to Appear and Testify at a Hearing or Trial in a Civil Action in the above referenced matter all dated today. Kindly note that there is a trial date in this case on **November 27, 2018** so service of subpoenas must be completed ASAP (rush) and my office will require the affidavits of service within two (2) business days of completion of service.

Please serve the following parties at their corresponding addresses below:

Danuta Brodzinska
140 North 9th Street
Apartment #21
Brooklyn, New York 11249

Budge Huskey
c/o Premier Sotheby's International Realty
4001 Tamiami Trail N.
Naples, Florida 34103

Nelson Bennett
c/o Coldwell Banker
175 Park Avenue
Madison, New Jersey 07940

Marc C. Seinfeld
4513 Hemlock Cone Way
Ellicott City, Maryland 21042

Our firm ID# is 0722F427.

ROSENBERG & PITTINSKY, LLP
Guaranteed Subpoena Service, Inc.
November 6, 2018
Page -2-

    Please effectuate service of the subpoenas with the required witness fees (the price of which we were advised are included in the total amount billed to this office if service is completed), at the addresses set forth in the subpoenas and return the affidavits of service to me.

    If you have any difficulties with service at the addresses listed above, please contact me.

    Thank you.

Very truly yours,<br><br>Laurence D. Pittinsky

LDP/mb
encls.
Bellmarc CB Guaranteed1.106.wpd

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| | |
|---|---|
| COLDWELL BANKER REAL ESTATE LLC, <br> *Plaintiff* <br> v. <br> THE BELLMARC GROUP LLC et al. <br> *Defendant* | ) ) ) ) ) ) Civil Action No. 14-cv-07926 MCA-MAH |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Nelson Bennett, c/o Coldwell Banker, 175 Park Avenue, Madison, New Jersey 07940

*(Name of person to whom this subpoena is directed)*

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Martin Luther King Building & U.S. Courthouse <br> 50 Walnut Street, Newark, New Jersey 07101 <br> (973) 645-3730 | Courtroom No.: MLK 4A |
|---|---|
| | Date and Time: 11/27/2018 9:30 am |

You must also bring with you the following documents, electronically stored information, or objects *(leave blank if not applicable)*:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/06/2018

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                       *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **defendants** excluding All Enterprises, LLC, who issues or requests this subpoena, are:

Rosenberg & Pittinsky, LLP, Attn: Laurence D. Pittinsky, Esq., 232 Madison Avenue, Suite 906, New York, New York 10016, (T) (212) 286-6100, (F) (212) 286-6818

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 14-cv-07926 MCA-MAH

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88 (Rev. 02/14) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

